DONALD L. SPAFFORD, JR.   6188
Pauahi Tower, Suite 470
1003 Bishop Street
Honolulu, HI 96813
Phone: (808) 532-6300
Fax: (808) 532-6309
e-mail: donaldspaffordattorney@gmail.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT FOR THE

DISTRICT OF HAWAII

| | | |
|---|---|---|
| In re | ) | Case No. 17-00515 |
| | ) | (Chapter 13) |
| FITA SIVIA PAOLO, | ) | |
| | ) | DEBTOR'S OPPOSITION TO |
| Debtor. | ) | CREDITOR SPECIALIZED LOAN |
| | ) | SERVICING, LLC'S MOTION FOR |
| | ) | RELIEF FROM AUTOMATIC STAY |
| | ) | FILED ON AUGUST 13, 2019 |
| | ) | |
| | ) | Date: September 17, 2019 |
| | ) | Time: 9:30 a.m. |
| | ) | Judge: Hon. Robert J. Faris |
| | ) | |
| | ) | Related Docket No. 33 |
| _____ | ) | |

DEBTOR'S OPPOSITION TO CREDITOR
SPECIALIZED LOAN SERVICING, LLC'S MOTION FOR RELIEF
FROM AUTOMATIC STAY FILED ON AUGUST 13, 2019

Debtor FITA SIVIA PAOLO ("Debtor") hereby opposes the motion for relief from automatic stay filed by creditor SPECIALIZED LOAN SERVICING, LLC ("SLS").

I. INTRODUCTION

1. The Debtor filed his petition commencing this Chapter 13 proceeding on May 25, 2017.  The Section 341 meeting of creditors was held on June 28, 2017.

-1-

2. The order confirming Debtor's Chapter 13 plan was entered on August 8, 2017 (Docket No. 12). The Debtor's Chapter 13 plan classified SLS's claim as a Class 1 claim and provides for the curing of the pre-petition default in payments owed to SLS. An order modifying the plan was entered on April 15, 2019 (Docket No. 29).

3. Creditor SLS seeks relief from the automatic stay to enforce the mortgage it holds on Debtor's residence located at 85-143 Ala Walua Street, #I, Waianae, HI 96792 (the "Property"). According to SLS's motion, the outstanding balance owed on the mortgage is $64,320.98. There are no other mortgages on the Property.

4. The Property is the Debtor's residence and is necessary to his financial reorganization. In his Schedule A filed in this case, he valued his leasehold interest in the Property at the time of filing this case at $130,800 (Docket No. 1).

5. According to SLS's motion, Debtor's post-petition arrearage on the mortgage is $7,764.07.

II. ARGUMENT

6. SLS has moved for relief from the automatic stay under 11 U.S.C. § 362(d)(1). Upon request of a party in interest and after notice and a hearing, this court can grant relief from the automatic stay under 11 U.S.C. § 362(d)(1) for cause, including the lack of adequate protection of an interest in property.

7. In In re Heath, 79 B.R. 616, 618 (Bankr.E.D.Pa. 1987), the court denied a motion for relief from automatic stay and held that although the secured creditor established a prima facie case

U.S. Bankruptcy Court - Hawaii   #17-00515   Dkt # 40   Filed 09/03/19   Page 2 of 5

for "cause" based on debtor's failure to make post-petition payments, the debtor's substantial equity cushion in the property provided adequate protection for the secured creditor's interest. The court defined "equity cushion" as:

> The value in the property, above the amount owed to the creditor with a secured claim, that will shield that interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect. Id.

The court found adequate protection where there was a thirty-nine (39%) percent equity cushion shielding the creditor from decrease in value. Id.

8. In In re Mathews, 208 B.R. 506, 510-511 (Bankr.N.D.Ala. 1997), citing In re James River Associates, 148 B.R. 790, 796 (E.D.Va. 1992), the court stated, "If a debtor has equity in a property sufficient to shield the creditor from either the declining value of the collateral or an increase in the claim from accrual of interest or expenses, then the creditor is adequately protected."  Where there is an equity cushion of 36% and debtor has missed two mortgage payments of $198.89 each, the secured creditor's financial interest in the property is adequately protected and the secured creditor is not entitled to relief from stay under 11 U.S.C. § 362 (d)(1) or (d)(2)  Id. at 512.

9. In this case, the Debtor has equity of about $66,480.00 in the Property and his equity cushion is a little more than fifty percent (50%) percent if the value of the Property is $130,800.00.  The monthly mortgage payment is about $904.24. SLS holds the only mortgage on the Property.  A substantial period of time with no payments by the Debtor to SLS would have to occur

-3-

U.S. Bankruptcy Court - Hawaii   #17-00515   Dkt # 40   Filed  09/03/19   Page 3 of 5

before there would be significant erosion of the substantial equity cushion protecting SLS's interest.

10. The Debtor will shortly file a motion to modify confirmed plan. Under the modified plan, the Debtor will pay the post-petition arrearage through his Chapter 13 plan. Courts have permitted modification of confirmed Chapter 13 plans to cure post-petition arrearages on home mortgages. See In re Hoggie, (11th Cir. 1994) 12 F.3d 1008, 1010-1012; Matter of Mendoza, (5th Cir. 1997) 111 F.3d 1264, 1268. The 11 U.S.C. § 1322(b)(5) cure provision is not limited to prepetition defaults. In re Garcia, (Bankr.D.Az. 2002) 276 B.R. 627, 636.

11. Modification of the automatic stay rather than relief from the automatic stay is a more appropriate resolution in the present circumstances, thereby allowing the Debtor to cure any post-petition arrearage within a specified deadline.

12. Under 11 U.S.C. § 362(d), bankruptcy courts are empowered to modify the stay rather than simply grant relief from stay and may provide the debtor a specific time period to render payment and adequate protection to the creditor. In re Polvino, 4 B.R. 677, 679 (Bankr.W.D.N.Y. 1980).

III. CONCLUSION

13. For the foregoing reasons, the Debtor respectfully requests that this court deny SLS's motion for relief from the automatic stay. Alternatively, the Debtor requests that this court not simply grant relief from the automatic stay but instead modify the automatic stay to allow the Debtor time to make and catch up on their post-petition mortgage payments to SLS.

-4-

DATED: Honolulu, Hawaii, September 3, 2019.

                          <u>/s/Donald L. Spafford, Jr.</u>
                          DONALD L. SPAFFORD, JR.
                          Attorney for Debtor

-5-

U.S. Bankruptcy Court - Hawaii   #17-00515   Dkt # 40   Filed  09/03/19   Page 5 of 5